**EXHIBIT A**

REC'D APR 0 2 2021

1    DOUGLAS HAN (SBN 232858)
     SHUNT TATAVOS-GHARAJEH (SBN 272164)
2    PHILLIP SONG (SBN 326572)
     **JUSTICE LAW CORPORATION**
3    751 N. Fair Oaks Ave., Suite 101
     Pasadena, California 91103
4    Telephone: (818) 230-7502
     Facsimile: (818) 230-7259
5

6    *Attorneys* for Plaintiff

7

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 0 2 2021

L. VILLANUEVA

SM2

APR 0 7 2021

R

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF RIVERSIDE**

10

11    EMILIO PADILLA, individually, and on
     behalf of aggrieved employees pursuant to the
12    Private Attorneys General Act ("PAGA");

13            Plaintiff,

14         v.

15

16    PRIMERICA, INC., a Delaware corporation;
     PRIMERICA CLIENT SERVICES, INC., a
17    Delaware corporation; PRIMERICA
     FINANCIAL SERVICES INSURANCE
18    MARKETING, INC., a Delaware corporation;
     PRIMERICA CONVENTION SERVICES,
19    INC., a Georgia corporation; PRIMERICA
     FINANCIAL SERVICES, LLC, a Nevada
20    limited liability company; PRIMERICA LIFE
     INSURANCE COMPANY, a Tennessee
21    corporation; and DOES 1 through 100,
     inclusive;
22

23            Defendants.

Case No.: **CVRI** 2 1 0 1 6 0 8

**COMPLAINT FOR PENALTIES FOR
VIOLATION OF LABOR CODE
§ 2698** *et seq.* **(PRIVATE ATTORNEYS
GENERAL ACT OF 2004)**

24

25

26

27

28

1    Plaintiff Emilio Padilla ("Plaintiff") hereby submits his Complaint against Defendants

2   PRIMERICA, INC., PRIMERICA CLIENT SERVICES, INC., PRIMERICA FINANCIAL

3   SERVICES INSURANCE MARKETING, INC., PRIMERICA CONVENTION SERVICES,

4   INC., PRIMERICA FINANCIAL SERVICES, LLC, PRIMERICA LIFE INSURANCE

5   COMPANY, and DOES 1 through 100, inclusive; (collectively, "Defendants"), on behalf of

6   himself and other current and former aggrieved employees of Defendants for penalties as

7   follows:

8                                 **INTRODUCTION**

9        **1.**    This representative action brought pursuant to Labor Code § 2698 *et seq.*

10  (the Private Attorneys General Act of 2004 ("PAGA")) for Defendants' violations of Labor

11  Code §§ 201, 202, 203, 204, 218.5, 224, 226(a), 226.3, 226.7, 226.8, 510, 512(a), 558, 1174(d),

12  1194, 1197, 1197.1, 1198, 2800 and 2802.

13       **2.**    This Complaint challenges Defendants' systemic illegal employment

14  practices resulting in violations of the stated provisions of the Labor Code against the identified

15  group of employees.

16       **3.**    Plaintiff is informed and believes and thereon alleges Defendants jointly

17  and severally acted intentionally and with deliberate indifference and conscious disregard to the

18  rights of all employees in (1) failing to pay all meal period wages and rest break wages, (2)

19  failing to properly calculate and pay all minimum and overtime wages, (3) failing to provide

20  accurate wage statements, (4) failing to pay all wages due and owing during employment and

21  upon termination of employment, and (5) failing to reimburse all necessary business expenses.

22                           **JURISDICTION AND VENUE**

23       **4.**    This action is brought pursuant to PAGA.  The civil penalties sought by

24  Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established

25  according to proof at trial.

26  / / /

27  / / /

28  / / /

COMPLAINT FOR CIVIL PENALTIES

1          **5.**     This Court has jurisdiction over this action pursuant to California

2    Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all

3    causes except those given by statute to other courts. The statutes under which this action is

4    brought do not specify any other basis for jurisdiction.

5          **6.**     This Court has jurisdiction over the violations of PAGA and Labor Code

6    §§ 201, 202, 203, 204, 218.5, 224, 226(a), 226.3, 226.7, 226.8, 510, 512(a), 558, 1174(d), 1194,

7    1197, 1197.1, 1198, 2800 and 2802.

8          **7.**     This Court has jurisdiction over all Defendants because, upon

9    information and belief, each party has sufficient minimum contacts in California, or otherwise

10    intentionally avails itself of California law so as to render the exercise of jurisdiction over it by

11    the California courts consistent with traditional notions of fair play and substantial justice.

12          **8.**     Venue is proper in this Court because, upon information and belief, the

13    named Defendants transact business and/or have offices in this county, and the acts and

14    omissions alleged herein took place in this county. Moreover, this action is brought on behalf

15    of the State of California as a private attorney general and has jurisdiction in this venue.

16                            **PARTIES**

17          **9.**     Plaintiff Emilio Padilla is an individual residing in the State of California.

18    Plaintiff was employed by Defendants within the statutory time period.

19          **10.**     Plaintiff is informed and believes and thereon alleges that Defendants are

20    licensed to do business and actually doing business in the State of California, including the

21    County of Riverside.

22    / / /

23    / / /

24    / / /

25

26

27

28

COMPLAINT FOR CIVIL PENALTIES

11.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and other current and former aggrieved employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12.    At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

13.    As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to PAGA and Labor Code §§ 201, 202, 203, 204, 218.5, 224, 226(a), 226.3, 226.7, 226.8, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

## CAUSE OF ACTION

### VIOLATION OF PAGA

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

14.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

/ / /

/ / /

/ / /

COMPLAINT FOR CIVIL PENALTIES

15. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

16. On March 29, 2021, Plaintiff provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code he contends were violated, and the theories supporting his contentions. Attached hereto as **Exhibit 1** and incorporated by reference is a copy of the written notice to the LWDA. Plaintiff believes that on or about June 2, 2021, the sixty-five (65) days' notice period will expire and the LWDA will not take any action to investigate or prosecute this matter. Thereafter, Plaintiff will file an amended complaint pleading exhaustion.

17. Plaintiff and the other independent contractors are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants who worked for Defendants at any time during the period from March 29, 2020 to the present, and one or more of the alleged violations was committed against them.

### Failure to Pay Minimum and Overtime Wages

18. At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, pursuant to the mandate of Labor Code §§ 510, 1194, 1197, and 1198.

19. As a policy and practice, Defendants failed to compensate Plaintiff and the other aggrieved current and former employees for all hours worked, resulting in a failure to pay all minimum wages and overtime wages, where applicable.

/ / /

/ / /

/ / /

COMPLAINT FOR CIVIL PENALTIES

**Failure to Provide Meal Periods and Rest Breaks**

20.     In accordance with the mandates of Labor Code §§ 226.7 and 512, Defendants were required to authorize and permit their non-exempt employees to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and were further required to provide their non-exempt employees with a 30-minute meal period for every five (5) hours worked.

21.     As a policy and practice, Defendants failed to provide Plaintiff and the other aggrieved current and former employees with legally-mandated meal periods and rest breaks and failed to pay proper compensation for this failure.

**Failure to Timely Pay Wages During Employment**

22.     At all times relevant herein, Defendants were required to pay their employees within a specified time period pursuant to the mandate of Labor Code § 204.

23.     As a policy and practice, Defendants failed to pay Plaintiff and the other aggrieved current and former employees all wages due and owing them within the required time period.

**Failure to Timely Pay Wages Upon Termination**

24.     At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

25.     As a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiff and the other aggrieved former employees their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

**Failure to Provide Complete and Accurate Wage Statements**

26.     At all times relevant herein, Defendants were required to keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code §§ 226 and 1174.

/ / /

COMPLAINT FOR CIVIL PENALTIES

27.     As a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records regarding Plaintiff and the other aggrieved current and former employees.  For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiff and the other aggrieved current and former employees' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

### Failure to Reimburse Business Expenses

28.     At all times relevant herein, Defendants were required to reimburse its employees for any and all necessary expenditures or losses incurred by the employees in direct consequences of the discharge or his or her duties pursuant to the mandate of Labor Code §§ 2800 and 2802.

29.     As a policy and practice, Defendants failed to pay Plaintiff and the other aggrieved current and former employees all business expenses incurred and owing them within the required time period.

### Penalties

30.     Pursuant to California Labor Code § 2699, Plaintiff, individually, and on behalf of the other current and former aggrieved employees, requests and is entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys' fees and costs, including but not limited to:

31.     Penalties under California Labor Code § 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

32.     Penalties under California Code of Regulations Title 8 § 11040 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

/ / /

33.     Penalties under California Labor Code § 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

34.     Penalties under Labor Code § 1197.1 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

35.     Any and all additional penalties as provided by the Labor Code and/or other statutes; and

36.     Attorneys' fees and costs pursuant to Labor Code §§ 210, 1194, and 2699, and any other applicable statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf and as representative of other current and former aggrieved employees pursuant to PAGA, prays for judgment as follows:

1.     Upon the Cause of Action, for civil penalties pursuant to statute as set forth in Labor Code § 2698 *et seq.*, for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 218.5, 224, 226(a), 226.3, 226.7, 226.8, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802.

2.     Upon the Cause of Action, for costs and attorneys' fees pursuant to Labor Code §§ 210, 218.5, 1194, and 2699, and any other applicable statute; and

3.     For such other and further relief the court may deem just and proper.

Dated: April 1, 2021                    **JUSTICE LAW CORPORATION**

By: _____
Douglas Han
Shunt Tatavos-Gharajeh
Phillip Song
*Attorneys* for Plaintiff

8

COMPLAINT FOR CIVIL PENALTIES

# EXHIBIT 1



**JUSTICE**
**LAW**
**CORPORATION**

751 N. Fair Oaks Ave., Ste. 101, Pasadena, CA 91103    T: (818) 230-7502    F: (818) 230-7259    www.JusticeLawCorp.com

March 29, 2021

***BY U.S. EMAIL/ELECTRONIC SUBMISSION***
PAGAfilings@dir.ca.gov
State of California
Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, California 95814

Re:    PRIMERICA, INC., PRIMERICA FINANCIAL SERVICES, LLC, PRIMERICA
       CLIENT SERVICES, INC., PRIMERICA LIFE INSURANCE COMPANY,
       PRIMERICA CONVENTION SERVICES, INC., AND PRIMERICA FINANCIAL
       SERVICES INSURANCE MARKETING, INC.

Dear Representative:

   We have been retained to represent Emilio Padilla against Primerica, Inc., Primerica
Financial Services, LLC, Primerica Client Services, Inc., Primerica Life Insurance Company,
Primerica Convention Services, Inc., and Primerica Financial Services Insurance Marketing,
Inc. (including any and all affiliates, managers, members, subsidiaries, and parents, and their
shareholders, officers, directors, and employees), any individual, owner, officer and
managing agent, DOES 1-10 as an "Employer" or person acting on behalf of an "Employer"
pursuant to California Labor Code section 558.1, and DOES 11-20[1] for violations of California
wage-and-hour laws (hereinafter collectively referred to as "PRIMERICA").

   Mr. Padilla is pursuing his California Labor Code section 2698, *et seq.*, the Private
Attorneys General Act of 2004 ("PAGA") claim on a representative basis. Therefore, Mr.
Padilla may seek penalties for violations of the Labor Code on behalf of the State of California
and aggrieved employees, which are recoverable under PAGA. This letter is sent in
compliance with the reporting requirements of California Labor Code section 2699.3.

/ / /

/ / /

---

[1] Mr. Padilla does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 through 20,
inclusive, and for that reason, said DOES are designated under such fictitious names. Mr. Padilla will amend this notice
when the true names and capacities are known. Mr. Padilla is informed and believes that each DOE was responsible in
some way for the matters alleged herein and proximately caused Mr. Padilla and other current and former aggrieved
employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

LWDA
March 29, 2021
Page 2 of 8

Primerica, Inc., Primerica Client Services, Inc. and Primerica Financial Services Insurance Marketing, Inc. are Delaware corporations located at 1 Primerica Parkway, Duluth, Georgia 30099. Primerica Convention Services, Inc. is a Georgia corporation located at 1 Primerica Parkway, Duluth, Georgia 30099. Primerica Financial Services, LLC is a Nevada limited liability company located at 1 Primerica Parkway, Duluth, Georgia 30099. Primerica Life Insurance Company is a Tennessee corporation located at 1 Primerica Parkway, Duluth, Georgia 30099.

PRIMERICA employed Mr. Padilla as an independent contractor within one year of the date of this letter (until in or about January of 2021[2]) in the State of California. PRIMERICA directly controlled the wages, hours and working conditions of Mr. Padilla and other aggrieved employees' employment, including direction, hiring, retention, supervision, training, and termination.

The "aggrieved employees" that Mr. Padilla may seek penalties on behalf of are all current and former exempt independent contractor who provided services as agents or representatives to PRIMERICA within the State of California.

Pursuant to *Huff v. Securitas Security Services*, 23 Cal. App. 5th 745, 751 (2018), an employee who brings a representative action and was affected by at least one of the violations alleged in the complaint has standing to pursue penalties on behalf of the state not only for that violation, but for violations affecting other employees as well. Accordingly, Mr. Padilla has standing to pursue penalties on behalf of the state for violations affecting all the aggrieved employees at PRIMERICA, regardless of their classification, job title, locations, or whether they were hired directly or through a staffing agency.

/ / /

/ / /

/ / /

---

[2] Per Emergency Rule 9 (Tolling statute of limitations for civil causes of action) of the Judicial Council's Emergency Rules Related to COVID-19, all statute of limitations for civil causes of action that exceed 180 days are tolled from April 6, 2020 until October 1, 2020. Therefore, the one (1) year statute of limitations for Mr. Padilla's PAGA cause of action is tolled.

LWDA
March 29, 2021
Page 3 of 8

In *Dynamex Operations W. v. Super. Ct.*, 4 Cal. 5th 903 (2018), the California Supreme Court adopted the three-part "ABC" test used in many other jurisdictions to decide whether a worker is a covered employee or rather an independent contractor. Under the ABC test, a worker is presumed to be an employee, unless the hiring entity establishes each of the following: "(A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; and (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed." *Dynamex*, supra, 4 Cal.5th at p. 957. On September 19, 2019, Governor Gavin Newsom signed AB5, which codifies the California Supreme Court's holding in *Dynamex* and adopts an "ABC" test to determine whether a worker is classified as an "employee" for purposes of California's Labor Code and wage orders. Aggrieved employees are not exempt from AB5.

Mr. Padilla and other aggrieved employees were "employees" of PRIMERICA as PRIMERICA controlled the manner and means of their work, including requiring compliance and field training, supporting and monitoring their activities to develop appropriate compliance procedures and systems, requiring compliance with the terms and conditions set forth in PRIMERICA's Basic Agreement, Operating Guidelines and other PRIMERICA policies that governed the performance of their job duties, routinely paying them advances for purposes of regularizing payment amounts, allowing PRIMERICA to terminate their relationships at-will, supplying them with materials to be used in the sale and service of policies, and providing them access to PRIMERICA's software and electronic databases. Moreover, Mr. Padilla and other aggrieved employees were not engaged in independent business of the same nature because the business model only exists because of their employment with PRIMERICA and PRIMERICA's policies prevent prohibiting them from engaging in independent businesses of the same nature. Therefore Mr. Padilla and other aggrieved employees are not customarily engaged in independently established business.

PRIMERICA has violated and/or continues to violate, among other provisions of the California Labor Code and applicable wage law, California Labor Code sections 201, 202, 203, 204, 218.5, 224, 226(a), 226.3, 226.7, 226.8, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and the IWC Wage Orders.

/ / /

/ / /

/ / /

LWDA
March 29, 2021
Page 4 of 8

California Labor Code sections 510, 1194, and 1198 require employers to pay at least minimum wage for all hours worked, pay time-and-a-half, or double time overtime wages, and make it unlawful to work employees for hours longer than eight hours in one day and/or over forty hours in one week without paying the premium overtime rates. During the relevant time period, Mr. Padilla and other aggrieved employees routinely worked in excess of 8 hours in a day and 40 hours in a week. PRIMERICA misclassified Mr. Padilla and other aggrieved employees and failed to compensate them for all hours worked. Therefore, Mr. Padilla and other aggrieved employees were entitled to receive certain wages for overtime compensation, but they were not paid for all overtime hours worked.

California Labor Code sections 226.7 and 512 require employers to pay an employee one additional hour of pay at the employee's regular rate for each workday that a meal or rest break is not provided. During the relevant time period, PRIMERICA misclassified Mr. Padilla and other aggrieved employees and failed to provide them with legally mandated meal and rest breaks and failed to compensate Mr. Padilla and other aggrieved employees all the premium wages they were owed.

California Labor Code section 201 requires that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 requires that if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. California Labor Code section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. During the relevant time period, PRIMERICA failed to pay Mr. Padilla and other aggrieved employees all wages due to them within any time period specified by California Labor Code sections 201 and 203 as a result of misclassifying them and therefore is liable under California Labor Code section 203.

/ / /

/ / /

/ / /

LWDA
March 29, 2021
Page 5 of 8

California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, PRIMERICA failed to pay Mr. Padilla and other aggrieved employees all wages due to them within any time period specified by California Labor Code section 204 as a result of misclassifying them.

California Labor Code section 226 requires employers to make, keep and provide complete and accurate itemized wage statements to their employees. During the relevant time period, PRIMERICA did not provide Mr. Padilla and other aggrieved employees with complete and accurate itemized wage statements. The wage statements they received from PRIMERICA were in violation of California Labor Code section 226(a). The violations include, but are not limited to, the failure to include (1) gross wages earned by Mr. Padilla and other aggrieved employees, (2) total hours worked by Mr. Padilla and other aggrieved employees, (3) the number of piece-rate units earned and any applicable piece rate by Mr. Padilla and other aggrieved employees, (4) all deductions for Mr. Padilla and other aggrieved employees, (5) net wages earned by Mr. Padilla and other aggrieved employees, (6) the inclusive dates of the period for which Mr. Padilla and other aggrieved employees are paid, (7) the name of the aggrieved employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Mr. Padilla and other aggrieved employees.

California Labor Code section 558 allows recovery of penalties and wages. (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid. Mr. Padilla and other aggrieved employees have been denied their wages and premium wages and, therefore, are entitled to penalties.

LWDA
March 29, 2021
Page 6 of 8

California Labor Code sections 1174(d) requires an employer to keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.  During the relevant time period, PRIMERICA failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Mr. Padilla and other aggrieved employees.

California Labor Code sections 1194, 1197 and 1197.1 provide the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.  During the relevant time period, PRIMERICA did not provide Mr. Padilla and other aggrieved employees with the minimum wages to which they were entitled despite constructive and actual knowledge of misclassification.

California Labor Code sections 2800 and 2802 require an employer to reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.  During the relevant time period Mr. Padilla and other aggrieved employees incurred necessary business-related expenses and costs that were not reimbursed by PRIMERICA, including for using their personal vehicles, cellular phones, computers, and internet service providers for work related purposes.

California Labor Code section 450 prohibits an employer from "compel[ling] or coerc[ing]" employees and applicants for employment to purchase product from the employer. During the relevant time period, PRIMERICA required Mr. Padilla and other aggrieved employees to patronize PRIMERICA, including paying an application fee for applying for employment with PRIMERICA and a monthly subscription fee for continued employment.

PRIMERICA violated Labor Code section 226.8, in addition to the above Labor Code sections enumerated above, by willfully misclassifying Mr. Padilla and other aggrieved employees. Mr. Padilla and other aggrieved employees are entitled to penalties in the amount of not less than $5,000 and not more than $15,000 for each violation of Labor Code section 226.8, and a penalty not less than $10,000 and not more than $25,000 for each willful violation under Labor Code section 226.8.

/ / /

/ / /

LWDA
March 29, 2021
Page 7 of 8

We believe that Mr. Padilla and other current and former California-based independent contractors of PRIMERICA are entitled to penalties as allowed under California Labor Code section 2698, *et seq.* for violations of Labor Code sections 201, 202, 203, 204, 218.5, 224, 226(a), 226.3, 226.7, 226.8, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and the IWC Wage Orders.

California Labor Code section 2699.3 requires that a claimant send a certified letter to the employer in questions and the California Labor & Workforce Development Agency setting forth the claims, and the basis for the claims, thereby giving the California Labor & Workforce Development Agency an opportunity to investigate the claims and/or take any action it deems appropriate.

The purpose of this letter is to satisfy the requirement created by California Labor code section 2699 prior to seeking penalties allowed by law for the aforementioned statutory violations.  We look forward to determining whether California Labor & Workforce Development Agency intends to take any action in reference to these claims.  We kindly request that you respond to this notice according to the time frame contemplated by the California Labor Code.

Mr. Padilla will seek these penalties and wages on his own behalf and on behalf of other similarly situated California-based independent contractors of PRIMERICA within one year of the date of this letter, as allowed by law.

/ / /

/ / /

/ / /

LWDA
March 29, 2021
Page 8 of 8

If you have any questions or require additional information, please do not hesitate to contact us. Thank you for your attention to this matter and the noble cause you advance each and every day.

Very truly yours,

**JUSTICE LAW CORPORATION**

Douglas Han, Esq.

**CC: (By Certified Mail)**

The Corporation Trust Company
c/o Primerica, Inc.
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801
*Agent for Service of Process for* Primerica, Inc.

C T Corporation System
c/o Primerica Financial Services, LLC
701 S. Carson Street, Suite 200
Carson City, Nevada 89701
*Agent for Service of Process for* Primerica Financial Services, LLC

C T Corporation System
c/o Primerica Client Services, Inc., Primerica Convention Services, Inc., Primerica Financial Services Insurance Marketing, Inc., and Primerica Life Insurance Company
818 West Seventh Street, Suite 930
Los Angeles, California 90017
*Agent for Service of Process for* Primerica Client Services, Inc., Primerica Convention Services, Inc., Primerica Financial Services Insurance Marketing, Inc., and Primerica Life Insurance Company