UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILIO PADILLA, individually, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>v.<br><br>PRIMERICA, INC., a Delaware corporation; PRIMERICA CLIENT SERVICES, INC., a Delaware corporation; PRIMERICA FINANCIAL SERVICES INSURANCE MARKETING, INC., a Delaware Corporation; PRIMERICA CONVENTION SERVICES, INC., a Georgia Corporation; PRIMERICA FINANCIAL SERVICES, LLC, a Nevada limited liability company; PRIMERICA LIFE INSURANCE COMPANY, a Tennessee corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:21-cv-00883-JWH-KK<br><br>**ORDER ON PLAINTIFF EMILIO PADILLA'S MOTION TO REMAND [ECF No. 13]** |

Before the Court is the motion of Plaintiff Emilio Padilla to remand this action to the Riverside County Superior Court.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, for the reasons set forth herein.

## I. BACKGROUND

On April 2, 2021, Padilla filed his Complaint in Riverside Superior Court, thereby commencing this action.  The Complaint includes a single claim for relief under California's Private Attorneys General Act ("PAGA") against Defendants Primerica, Inc.; Primerica Client Services, Inc.; Primerica Financial Services Insurance Marketing, Inc.; Primerica Convention Services, Inc.; Primerica Financial Services, LLC; and Primerica Life Insurance Company.[3]  Padilla alleges on information and belief that:

> Defendants jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to pay all meal period wages and rest break wages, (2) failing to properly calculate and pay all minimum and overtime wages, (3) failing to provide accurate wage statements, (4) failing to pay all wages due and owing during employment and upon termination of employment, and (5) failing to reimburse all necessary business expenses.[4]

---

[1] Pl.'s Mot. to Remand (the "Motion") [ECF No. 13].
[2] The Court considered the following papers:  (1) Defs.' Notice of Removal (the "Notice of Removal") [ECF No. 1]; (1) Compl. [ECF No. 1-2] (the "Complaint"); (2) the Motion (including its attachments); (3) Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 15]; and (4) Pl.'s Reply in Support of the Motion (the "Reply") [ECF No. 17].
[3] Complaint at ¶¶ 14-36.
[4] *Id.* at ¶ 3.

For example, Padilla alleges that, "[a]s a policy and practice, Defendants failed to compensate [Padilla] and [] other aggrieved current and former employees for all hours worked, resulting in a failure to pay all minimum wages and overtime wages, where applicable."[5]

On May 21, 2021, Defendants removed this action to this Court. The Notice of Removal avers that the Court has subject matter jurisdiction based upon diversity.[6] *See* 28 U.S.C. § 1332. In the Notice of Removal, Defendants calculate the total minimum amount in controversy as $145,603.12.[7] A substantial majority of this amount is derived from the following: (1) $90,000 for fees charged under California Labor Code § 226.8(a)(2)[8]; (2) $29,120.62 in attorneys' fees[9]; and (3) $16,250 for willful misclassification under California Labor Code § 226.8[10]. On June 1, 2021, Padilla filed the instant Motion.

## II. **LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the parties are completely diverse and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

---

[5]  *Id.* at ¶ 19.
[6]  Notice of Removal at ¶ 6.
[7]  *Id.* at 10:24.
[8]  *Id.* at 10:22.
[9]  *Id.* at 10:23.
[10] *Id.* at 10:20.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is necessary only "when the plaintiff contests, or the court questions, the defendant's allegation." *See id.* "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds" the jurisdictional amount. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

## III. DISCUSSION

### A. The Motion

#### 1. Diversity in PAGA Actions

Padilla first argues that this case should be remanded because California is the real party in interest in a PAGA action, which destroys diversity.[11] In their Opposition, Defendants respond that "where the state has elected not to prosecute alleged Labor Code violations and instead permit a private attorney general to do so, the state is not an 'actual party' to the PAGA litigation whose citizenship counts for diversity purposes."[12] Defendants cite several cases in which courts have found that PAGA actions may be removed pursuant to 28 U.S.C. § 1332(a) notwithstanding the presence of the State of California as the real party in interest.[13] *See, e.g.*, *Hesselink v. Am. Fam. Life Assurance Co. of Columbus*, 2020 WL 7768711, at *2 (C.D. Cal. Dec. 30, 2020) ("District courts in the Ninth Circuit have considered the named plaintiff's citizenship, and not the state's, to be determinative of diversity jurisdiction in PAGA cases.") (quotation and citation omitted). In his Reply, Padilla appears to concede this

---

[11] Motion at 7:24-14:8.
[12] Opposition at 4:14-17.
[13] *Id.* at 4:9-5:5.

argument.[14] Accordingly, the Court finds that the Defendants have established that the parties are diverse for purposes of diversity jurisdiction.

### 2. Amount in Controversy

Padilla next argues that Defendants fail to establish that the $75,000 amount in controversy requirement under 28 U.S.C. § 1332(a) has been met.[15] As an initial matter, Defendants are correct that a removing party need not present evidence in its notice of removal.[16] "[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (quotation and citation omitted). "Thereafter, the plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). *Id.* "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Salter*, 974 F.3d at 964 (quotation and citation omitted). "In contrast, a factual attack 'contests the truth of plaintiff's factual allegations, usually by introducing evidence outside the pleadings.'" *Kendall v. Nestle Waters N. Am., Inc.*, 2021 WL 364639, at *2 (C.D. Cal. Feb. 1, 2021) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). Here, Padilla has not introduced evidence outside of the pleadings, but instead challenges the validity of the assumptions and allegations in the Notice of Removal. As explained below, however, those assumptions and allegations are drawn from Padilla's own Complaint. *See, e.g.*, *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d

---

[14] *See* Reply at 1:13-19.
[15] Motion at 14:9-21:23.
[16] *See* Opposition at 7:20-8:12.

224, 226 (9th Cir. 1988) ("[a] statement in a complaint . . . is a judicial admission").

Defendants calculate an amount in controversy of $90,250 for "fees charged to misclassified workers."[17] Padilla alleges that Defendants violated Cal. Lab. Code § 226.8(c),[18] which provides the following:

> If . . . a court issues a determination that a person or employer has [willfully misclassified an individual as an independent contractor or charged a willfully misclassified individual a fee] and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for *each* violation, *in addition* to any other penalties or fines permitted by law.

(emphases added).

Padilla also incorporates by refence a copy of his written notice to the California Labor & Workforce Development Agency (the "LWDA").[19] That written notice, which is attached to the Complaint, states:

> PRIMERICA violated Labor Code section 226.8 [] by *willfully* misclassifying Mr. Padilla and other aggrieved employees. Mr. Padilla and other aggrieved employees are entitled to penalties in the amount of not less than $5,000 and not more than $15,000 for each violation of Labor Code section 226.8, and a penalty not less than $10,000 and not more than $25,000 for each willful violation under Labor Code section 226.8.[20]

---

[17] Notice of Removal at ¶ 66.
[18] Complaint at ¶ 1.
[19] *Id.* at ¶ 16, *see* Exhibit 1 (the "LWDA Notice") [ECF No. 1-2].
[20] LWDA Notice at 6 (emphasis added).

Padilla's LWDA notice further avers:

> California Labor Code section 450 prohibits an employer from "compel[ling] or coerc[ing]" employees and applicants for employment to purchase product from the employer. During the relevant time period, PRIMERICA required Mr. Padilla and other aggrieved employees to patronize PRIMERICA, including paying an application fee for applying for employment with PRIMERICA *and a monthly subscription fee* for continued employment.[21]

Defendants note that Padilla seeks to recover penalties for a period of time beginning on March 29, 2020.[22] Padilla worked for Defendants "until in or about January of 2021."[23] Defendants therefore argue that the Complaint "seeks to recover civil penalties for the approximately 40 workweeks between March 29, 2020 and the first week of January, 2021."[24] The Complaint also alleges "systemic illegal employment practices."[25] Thus, Defendants maintain that the Complaint alleges one unlawful subscription fee per month for nine months, which results in a maximum potential penalty of $225,000. Padilla argues that "the statute does not codify a violation to be on a monthly basis,"[26] but he cites no authority in support of this proposition, and the statute refers to "each violation," which is reasonably understood to mean each time an employee was wrongly charged a fee by the employer.

Under PAGA, 75% of civil penalties awarded are payable to the LWDA and the remaining 25% is paid to the named plaintiff. Cal. Lab. Code § 2699(i).

---

[21] *Id.* (emphasis added).
[22] Complaint at ¶ 17.
[23] *Id.*, LWDA Notice at 2.
[24] Notice of Removal at ¶ 24.
[25] Complaint at ¶ 2.
[26] Reply at 5:22-23.

Although courts are split on the issue, many "consider only the plaintiff's stake in the 25% share distributed to aggrieved employees." *Hernandez v. Dunbar Armored, Inc.*, 2019 WL 1324743, at *2 (S.D. Cal. Mar. 25, 2019) (quotation and citation omitted). The Court "agrees with the growing number of courts that have held the LWDA's share cannot be aggregated with the aggrieved employee's share for purposes of determining the amount in controversy." *Hesselink*, 2020 WL 7768711, at *3. Multiplying $225,000 by 25% results in an amount in controversy of $56,250 for this claim alone.

Defendants add $33,750 to this amount under Cal. Lab. Code § 226.8(b), which also applies if a court determines that an employer "engaged in any of the enumerated violations of subdivision (a)." Unlike the similar provision in Cal. Lab. Code § 226.8(c), however, § 226.8(b) does not require the employer to engage "in a pattern or practice," and it sets a maximum penalty of $15,000.

Defendants do not cite any authority that penalties under Cal. Lab. Code § 226.8(b) and § 226.8(c) can be aggregated. "[T]he Court is not persuaded as to Defendant[s'] argument that Labor Code Section 226.8 permits employers who misclassify employees as independent contractors to be assessed penalties under both sections 226.8(b) *and* 226.8(c)." *Vitale v. Celadon Trucking Servs.*, 2015 WL 5824721, at *4 (C.D. Cal. Oct. 2, 2015) (emphasis in original). Defendants' "reading of the statute is illogical in light of the content of subdivisions (b) and (c)." *Id.*

Defendants' argument—that penalties could be assessed under both subdivisions for the same instances of conduct—implies that a person could never be penalized under subdivision (c) without also being penalized under subdivision (b), since engaging in a pattern of behavior necessarily includes engaging in the behavior itself. The facts that the legislature separated the two subdivisions and provided a higher minimum and maximum penalty where an additional element is met suggest that subdivision (c) was intended as an

alternative and more severe penalty where the employer's conduct meets an additional requirement.  Accordingly, the Court cannot agree with Defendants that it is more likely than not to be assessed the full statutory maximum under **both** subdivisions for each instance of misclassification.  *Id.* (emphasis added).  Thus, the Court does ***not*** include the $33,750 that Defendants calculate under Cal. Lab. Code § 226.8(b).

Defendants also include $3,750 under Cal. Lab. Code § 226.8(b) and $12,500 under § 226.8(c) for willful misclassification.  The Court does not include the $3,750 under Cal. Lab. Code § 226.8(b) for the same reasons explained above.  In addition, Defendants appear to have miscalculated the $12,500 penalty under Cal. Lab. Code § 226.8(c).  Defendants state:

> Plaintiff alleges that his willful misclassification was part of what he alleges to be a "systemic illegal employment practice[]."  Compl. ¶ 2.  Labor Code § 228.6 also imposes an additional penalty on any employer who willfully misclassifies an employee as part of "a pattern or practice" in an amount of up to $25,000 "in addition to any other penalties or fines permitted by law."  *Id.* § 226.8(c).  Therefore, Plaintiff's claim that he has been willfully misclassified in connection with a "systemic illegal employment practice[]" carries potential penalties of ***$25,000***.  Applying ***25% of these penalties*** potentially recoverable by Plaintiff yields ***$12,500*** toward the amount in controversy.[27]

But 25% of $25,000 is $6,250, not $12,500.  Thus, for fees under Cal. Lab. Code § 226.8, the Court calculates an amount in controversy of $62,500.[28]  Adding all

---

[27] Notice of Removal at ¶ 60.
[28] $6,250 + $56,250 = $62,500.

of Defendants' other alleged penalties,[29] except for attorneys' fees, results in a total amount in controversy of $72,732.50.[30]

Defendants also add $29,120.62 in attorneys' fees. Defendants arrive at that amount by multiplying the total amount in controversy (less fees) by 25%.[31] *See Cordero v. C.R. England, Inc.*, 2021 WL 1225952, at *2 (C.D. Cal. Mar. 31, 2021) ("courts within the Ninth Circuit handling PAGA cases have further held that 'removing defendants can reasonably assume plaintiffs are entitled to attorneys' fees valued at approximately 25% of projected damages'") (quoting *Olson v. Michaels Stores, Inc.*, 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017)). Revising the fee calculation based upon the lowered pre-fee total above results in estimated attorneys' fees of $18,183.13, which would put the amount in controversy comfortably above the threshold for diversity jurisdiction. Even based *solely* upon the revised amount of Padilla's penalties under Cal. Lab. Code § 226.8, attorneys' fees are $15,625.00, resulting in a total amount in controversy of $78,125.00[32]—still enough to satisfy the amount in controversy requirement.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that the Motion is **DENIED**.

**IT IS SO ORDERED.**



Dated:  November 24, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[29]     *See* Notice of Removal at 10:5-24.
[30]     $1,000 + $1,000 + $500 + $250 + $1,000 + $1,000 + $250 + $1,000 + $250 + $500 + $720 + $487.50 + $25 + $1,000 + $1,000 + $250 + $62,500 = $72,732.50.
[31]     Notice of Removal at ¶¶ 69-71.
[32]     ($62,500 x .25) + $62,500 = $78,125.